UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:13-CR-556 |
| | § | |
| AMERICO GARZA | § | |

## ORDER DENYING MOTION TO DISMISS

Before the Court is Defendant Americo Garza's Second Amended Motion to Dismiss Under the Speedy Trial Clause of the Sixth Amendment. (D.E. 25). *Barker v. Wingo*, 407 U.S. 514, 530 (1972), established four factors in assessing Sixth Amendment speedy trial claims: "(1) length of the delay, (2) the reason for the delay, (3) the defendant's diligence in asserting his right, and (4) prejudice to the defendant resulting from the delay." No factor is necessary or sufficient; rather, the court is to perform a careful balancing of these and other relevant considerations. *Id*. at 533.

If the delay is less than five years, time alone cannot require a presumption of prejudice. *United States v. Parker*, 505 F.3d 323, 328-29 (5th Cir. 2007). Instead, when the delay is more than one year (and less than five years), the court evaluates the first three *Barker* factors to see if they are so strong that prejudice should be presumed under all of those facts. *Id*. at 328. Alternatively, a defendant must demonstrate actual prejudice. *Id.*

With respect to the first issue, the Court notes that Defendant Garza's alleged co-conspirators were arrested March 20, 2012, and identified Garza on April 5, 2012. The indictment was issued June 26, 2013, with the arrest on November 5, 2014. The delay is lengthy, but not "uncommonly long." It is sufficient to require a speedy trial analysis, but the amount of time, alone, is not sufficient to presume prejudice.

With respect to the third issue, the Court finds that Garza was diligent in asserting speedy trial rights. The initial motion was filed one day after Defendant's counsel was able to review the Government's file, which was within a few weeks of counsel's

appearance.  And it was all within two months of the unsealing of the indictment and arrest.

Therefore, in this case, the determination of whether the Government has violated Garza's right to a speedy trial depends upon the second issue—finding that the Government is responsible for the delay, and (a) is sufficiently culpable to cause this Court to presume prejudice or (b) Garza has made an affirmative showing of prejudice. "Under *Doggett v. United States*, [505 U.S. 647, 656 (1992)], the second *Barker* factor cuts strongly in favor of a defendant where the Government acts in bad faith, intentionally holding up prosecution for the purpose of prejudicing the defendant." *United States v. Hernandez*, 457 F.3d 416, 421 (5th Cir. 2006).

The facts before the Court show that after Garza was indicted, Government agents intended to enter the arrest warrant information into the NCIC/TCIC databases, but failed to do so because the Task Force Officer was new to DEA and did not understand the process for inputting the warrant.  And agents responsible for arresting Garza were not aware of this failure until over a year had passed.  In the meantime, Garza was in state custody twice and was released in June of 2013 and January of 2014, respectively, because there was no NCIC/TCIC information causing the state authorities to turn him over to federal authorities.  The Government was clearly responsible for this failure to communicate the information needed to gain custody of Garza from state law enforcement.  However, the Court finds that the delay was more a product of mistake or negligence than it was intentional or careless.  This finding is based, in part, on the fact that the Government was, throughout this time, spot-checking Garza's known contacts and residential neighborhoods and was in regular communication with the San Juan police department, supplementing its efforts to find and apprehend Garza.

Although Garza had been on probation in Hidalgo County, the Government claims that there is no way for it to determine that fact and so it did not use that avenue to get any information regarding his whereabouts.  In any event, on June 27, 2013, the Government did learn that there was an arrest warrant issued for Garza out of Hidalgo County.  While Garza was arrested as a result, the Government was not aware of that

arrest before he was released. The Government's efforts were further hampered by the fact that Garza has two FBI numbers, and only one shows his criminal history and indictment status.

While the Government is largely to blame for the delay in arresting Garza, the evidence does not reveal any motivation or intention to delay. Because there was some effort to apprehend Garza, the Government's less-than-exemplary execution of its tasks is not sufficient reason to presume prejudice arising from the delay. Therefore, the burden is upon Garza to demonstrate actual prejudice.

According to *Barker*, the fourth factor—prejudice to the defendant—involves three interests: (a) to prevent oppressive pretrial incarceration; (b) to minimize anxiety and concern of the accused; and (c) to limit the possibility that the defense will be impaired. *Barker* at 532. During the majority of the time complained of—between indictment and arrest—Garza was not incarcerated on this charge. Rather his life played out according to his own actions and law enforcement on other charges. While close family members might have known that law enforcement was looking for him on this charge (and other charges), he did not live under community suspicion regarding this charge because the indictment was sealed. So it cannot be said that the Government's delay posed a hardship for Garza with respect to his living conditions during a large part of that delay, and Garza has made no claim to that type of prejudice. *See generally, Barker* at 527. Thus the Court finds that any prejudice under the first two criteria is negligible.

As far as an impaired defense is concerned, Garza complains that he has been deprived of witnesses, but has not named any particular lost witness that will prejudice his case. The only faded memory that he claims is his own and the Court views this claim with some skepticism, particularly in light of the fact that the burden lies on the Government rather than Garza with respect to trial of the charges. In fact, in *Barker*, the Court acknowledged that delay ordinarily works in the defendant's favor because the burden of proof is on the prosecution. *Barker, supra* at 521.

Garza also argues that the delay has caused him to be unable to offer receipts or hotel video to establish his whereabouts at the time of the alleged incident. Yet he has failed to disclose what efforts he has made to retrace his steps in order to get that information from stores or hotels that he may have used at the time of the incident. For instance, he has not stated whether he uses credit cards for such charges and whether he has sought such information from the card issuer.

Last, Garza asserts that the delay has deprived him of plea bargain possibilities. While he still has the ability to seek and negotiate a plea bargain, his complaint must actually be the loss of "ammunition" to make any plea bargain more favorable. Garza cites no authority for this complaint and the Court is not inclined to hinge a defendant's prejudice analysis on what might happen with respect to the prosecution of co-conspirators.

Garza also claims prejudice because the seized drugs are no longer available to independently test and weigh. The Government indicated that the drugs were tested, there is a lab report detailing the weight and type of substance seized, and the chemist will be available to testify. The Court finds that Garza has failed to establish sufficient prejudice on this issue.

In conclusion, the Court finds that prejudice is not presumed in this case, and that Garza has failed to establish sufficient actual prejudice to justify the termination of this charge against him by dismissal based on his right to a speedy trial. Therefore, the Court DENIES Garza's Second Amended Motion to Dismiss Under the Speedy Trial Clause of the Sixth Amendment.

ORDERED this 9th day of February, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE